UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GIOVANNA DONOFRIO,

                MEMORANDUM AND ORDER

       Plaintiff,                  CV 05-5276

     -against-               (Wexler, J.)

MORICI & MORICI, LLP, ROBERT
MORICI and MICHAEL MORICI,

       Defendants.
----------------------------------------------------------X
APPEARANCES:

    MALLILO & GROSSMAN
    BY: JESSICA KONRAD, ESQ.
    Attorneys for Plaintiff
    163-09 Northern Boulevard
    Flushing, New York 11358

    MILMAN & HEIDECKER
    BY: PERRY S. HEIDECKER, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

WEXLER, District Judge

    This is an employment discrimination case alleging pregnancy discrimination. Named as Defendants are Plaintiff's former employer, Morici & Morici, LLP (the "Defendant Law Firm") and its two named partners, Robert and Michael Morici (the "Individual Defendants"). Presently before the court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

    Defendants seek summary judgment on the grounds that: (1) Title VII does not permit a claim against the Individual Defendants; (2) Defendants were not properly served; (3) the

Defendant Law Firm did not, during the relevant time period, employ the minimum statutory amount of employees and, in any event, (4) Plaintiff states no claim on the merits. The court addresses each ground in turn.

I. <u>Individual Defendants' Motion</u>

Plaintiff acknowledges that a Title VII claim may not be pursued against the Individual Defendants and therefore consents to dismissal as to defendants Robert Morici and Michael Morici.

II. <u>Improper Service</u>

Rule 4 of the Federal Rules of Civil Procedure provides for service in accord with New York law. <u>See</u> FRCP 4(h). Under New York law, service on a limited liability partnership is effected by delivery upon a managing or general agent, a general partner or any other employee authorized to accept service of process. N.Y.C.P.L.R. §310-a(a). In support of the claim of proper service, Plaintiff submits the affidavit of a process server. In response, Defendants submit the affidavit of an employee denying proper service.

While the process server's affidavit establishes prima facie proof of service, Defendant's sworn denial rebuts that presumption and creates an issue of fact necessitating a hearing.[1] <u>FBM Holdings LLC v. Goldwerks, Inc.</u>, 2006 WL 1229160 *2 (E.D.N.Y. 2006). At such a hearing, the burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence. <u>See</u> <u>Salvatore v. Kumar</u>, 819 N.Y.S.2d 213; 2006 WL 1388463 *5 (Sup. Ct. Suffolk Cty 2006). In light of the factual question created, the court must deny the motion for summary judgment based upon improper service.

---

[1] Although the process server's affidavit was not submitted until the making of this motion, the court will exercises its discretion to consider the affidavit.

III. Statutory Number of Employees

Title VII applies to employers with "fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §2000e(b); Drescher v. Shatkin, 280 F.3d 201, 202-02 (2d Cir. 2002). In support of its motion for summary judgment, Defendant relies on deposition testimony of its named partners. Michael Morici testified that the Defendant Law Firm employed "approximately" twelve to fourteen people as of the date of his October 2006 deposition. Robert Morici testified that "approximately twelve or so" people were employed at the Defendant Law Firm two years prior to his deposition. Plaintiff faults Defendants for failing to establish clearly the number employees and hours worked during the relevant time period. Plaintiff also alleges that individuals employed by a related corporate entity should be included when calculating the statutory number of employees.

On the record before the court, it cannot be said with certainty whether the Defendant Law Firm employed the statutory number of employees during the relevant time period. Accordingly, the court must deny the motion for summary judgment to the extent that it is based upon this ground. Plaintiff will be required to establish this fact at trial.

IV. Failure to State A Claim on the Merits

Defendants' final argument in support of the summary judgment motion argues that because Plaintiff cannot establish that the Defendant law Firm's actions were a pretext for discrimination, it is entitled to judgment as a matter of law.

Upon consideration of the papers in support of and in opposition to this ground, the Court finds that genuine issues of material fact exist precluding the entry of summary judgment. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter

of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).

## CONCLUSION

For the foregoing reasons the motion for summary judgment is granted with respect to individual defendants Robert Morici and Michael Morici. The motion is otherwise denied. The denial of the motion is without prejudice to renewal at the close of Plaintiff's case. The parties are directed to contact the court for the purpose of scheduling a short hearing as to the propriety of service on the Defendant Law Firm. The Clerk of the Court is directed to terminate the motion for summary judgment.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      August 1, 2007